

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

RECEIVED

970 Broad Street, Suite 700
Newark, New Jersey 07102

JUN 27 2019
AT 8:30_____ M
WILLIAM T. WALSH
CLERK

April 10, 2019

Matthew Adams
Fox Rothschild, LLP
Attorneys at Law
49 Market Street
Morristown, NJ 07960

    Re:   Plea Agreement with Martin D. Fried
                Criminal No. 19-446 (MAS)

Dear Counsel:

     This letter sets forth the plea agreement between your client, Martin D. Fried, and the United States Attorney for the District of New Jersey ("this Office").

Charge

     Conditioned on the understandings specified below, this Office will accept a guilty plea from Fried to a one-count Information. The Information charges that, on or about July 20, 2018, Fried did knowingly and intentionally attempt to distribute and possess with intent to distribute a quantity, specifically 630 milligrams, of oxycodone, a Schedule II controlled substance, outside the usual course of professional practice and not for a legitimate medical purpose contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.

     If Fried enters a guilty plea and is sentenced on that charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Fried for the conduct described in Criminal Complaint, Magistrate Number 18-6213 (SCM). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Fried agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Fried may be commenced

against him, notwithstanding the expiration of the limitations period after Fried signs the agreement.

Sentencing

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) charged in the Information to which Fried agrees to plead guilty carries a statutory maximum prison sentence of 20 years' imprisonment, and carries a statutory maximum fine equal to the greater of: (1) $1 million; or (2) twice the gross profits or other proceeds to Fried.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Fried is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Fried ultimately will receive.

Further, in addition to imposing any other penalty on Fried, the sentencing judge: (1) must order Fried to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Fried to pay restitution pursuant to 18 U.S.C. § 3663, et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853; and (4) may deny Fried certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

Pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(C), the sentencing judge must require Fried to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should Fried be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Fried may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Fried by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Fried's activities and relevant conduct with respect to this case.

Stipulations

This Office and Fried agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Fried from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Fried waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Fried understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Fried understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Fried wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Fried understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Fried waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Fried. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Fried.

No provision of this agreement shall preclude Fried from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Fried received ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Fried and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Craig Carpenito
United States Attorney

By: _____
Joseph N. Minish
Assistant U.S. Attorney

Approved:

_____
Erica D. Liu
Unit Chief
Opioid Abuse Prevention & Enforcement Unit

5

I have received this letter from my attorney, Matthew Adams, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 5/22/2019
Martin D. Fried

I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 5/22/2019
Matthew Adams, Esq.

6

## Schedule A

1. This Office and Fried agree to stipulate to the following facts:

    a. The offense set forth in the Information involved 630 milligrams of oxycodone, an opiate and Schedule II controlled substance. One gram of oxycodone has a Converted Drug Weight of 6700 grams. One gram equals one thousand milligrams. Accordingly, the Converted Drug Weight of 630 milligrams of oxycodone is 4221 grams.

    b. Fried has abused a position of public or private trust in a manner that significantly facilitated the commission and concealment of the offense of conviction.

    c. As of the date of this letter, Fried has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.