

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*  973-645-2700
*Newark, New Jersey 07102*

October 15, 2019

*<u>Via Electronic Mail</u>*
Honorable Michael A. Shipp
United States District Judge
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:   <u>United States v. Martin D. Fried</u>
             Crim. No. 19-446

Dear Judge Shipp:

      The United States submits this letter brief to set forth its position as to the appropriate sentence to be imposed on Martin D. Fried ("Defendant") in this case.

      On June 27, 2019, Defendant admitted that on or about July 20, 2018, in Ocean County he attempted to distribute and dispense a quantity of oxycodone outside the usual course of professional practice and not for a legitimate medical purpose.  PSR ¶ 1.  Specifically, Defendant pleaded guilty to knowingly and intentionally attempting to distribute and dispense, outside the usual course of professional practice and not for a legitimate medical purpose, a quantity of a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.  Defendant's guilty plea was made pursuant to a plea agreement in which Defendant stipulated to facts which result in a Guidelines offense level of 10.[1]  Defendant now awaits sentencing by this Court on October 21, 2019.

---

      [1] Based on conduct to which Defendant did not plead guilty, the Presentence Investigation Report ("PSR") finds a higher offense level to be applicable to Defendant.  The Government stands by the terms of the Plea

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), sentencing involves a three-step process: (1) "district courts are to calculate a defendant's sentencing Guidelines range precisely as they would have before pre-<u>Booker</u>"; (2) courts must formally rule on any departure motions "and state on the record whether they were granting a departure and, if so, how such a departure affects the initial Guidelines calculation"; and (3) courts "are required to exercise their discretion by considering the relevant 18 U.S.C. § 3553(a) factors in setting their sentences, regardless of whether it varies from the original calculation." <u>United States v. Fumo</u>, 655 F.3d 288, 329 (3d Cir. 2011); <u>accord</u> <u>United States v. Goff</u>, 501 F.3d 250, 254 (3d Cir. 2007).[2]

### Step 1. <u>The Advisory Guideline Range Is 6 to 12 Months</u>

A Guidelines analysis based on the stipulations to which the parties agreed in the Plea Agreement results in an advisory Guidelines level of 10. The application of Criminal History Category I results in a Guidelines range of 6 to 12 months. The Court should adopt the Guidelines analysis agreed to by the parties.

"[C]ourts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker." <u>United States v. Grier</u>, 475 F.3d 556, 608 (3d Cir. 2007) (en banc) (internal quotation marks omitted). The Court must expressly rule on "'any disputed portion of the presentence report or other controverted matter ... or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.'" <u>United States v. Leahy</u>, 445 F.3d 634, 663 (3d Cir. 2006), <u>quoting</u> Fed. R. Crim. P. 32(i)(3)(B). "[A]s before Booker, the standard of proof under the guidelines for sentencing facts continues to be

---

Agreement agreed to by the parties and asks the Court to find the appropriate advisory Guidelines level to be that which is consistent with the stipulations to which the parties agreed.

[2] "By making the Guidelines advisory, <u>Booker</u> gave district courts discretion at step three-but only after steps one and two have been completed properly." <u>United States v. Grier</u>, 585 F.3d 138, 142 (3d Cir. 2009). That added discretion "makes adherence to procedural sentencing requirements all the more important," because they "exist to guide the [court's] exercise of discretion, and failure to observe them may lead a court to impose a substantively unreasonable sentence." <u>United States v. Merced</u>, 603 F.3d 203, 214-15 (3d Cir. 2010) (alteration in original and internal quotation marks omitted).

preponderance of the evidence." United States v. Ali, 508 F.3d 136, 143-46, 155 (3d Cir. 2007) (internal quotation marks omitted).

### Step 2. No Guidelines Departure Is Requested or Warranted

The Government does not move for an upward departure and Defendant does not move for a downward departure.

### Step 3. The Government Does Not Object to the Variance Requested by Defendant

**A.  Defendant Has Requested A Justified Variance.**

For the reasons set forth below, the Government does not object to Defendant's request for a variance and a 5 year probationary sentence that requires Defendant remain compliant with his therapy program and the treatment directed by Defendant's physician for his Bipolar I Disorder.  If the Court does grant a variance, it is advisable to determine its extent by analogizing to the Guidelines just as it does for departures. See Goff, 501 F.3d at 260 (comparing variance to "the Guidelines range for a relatively less severe offense").

**B.  The § 3553(a) Factors**.

In Step 3 this Court may "tailor the sentence in light of other statutory concerns reflected in the sentencing factors of § 3553(a)." United States v. Merced, 603 F.3d 203, 213 (3d Cir. 2010) (internal quotation marks omitted). The Court must give "rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)" and make an "individualized assessment based on the facts presented." United States v. Tomko, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).[3]  Those purposes are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional

---

[3] This "so-called parsimony provision" is in fact even-handed, as it requires the sentence to be "sufficient" to serve the punitive and deterrent purposes of sentencing in § 3553(a)(2). See United States v. Dragon, 471 F.3d 501, 503, 506 (3d Cir. 2006); United States v. Charles, 467 F.3d 828, 833 (3d Cir. 2006).

treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). In determining that sentence, this Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the kinds of sentences available," § 3553(a)(3), the Guidelines and Guideline range, § 3553(a)(4), the Guidelines' policy statements, § 3553(a)(5), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), and "the need to provide restitution to any victims of the offense," § 3553(a)(7).

The seriousness of Defendant's offense is shown by the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1).  Illegally distributing opioids is serious, no matter the circumstances.  However, there is no evidence that Defendant's illegal distribution is part of a larger "pill mill" operation or any other ongoing drug trafficking enterprise.  Even including the conduct outside of what was stipulated to by the parties, Defendant's conduct covers less than 48 hours.  PSR ¶¶ 8-18.  There is also no evidence that Defendant's conduct was motivated by money, nor does Defendant seem to have generated income from the crime.

Whatever role Defendant's mental condition may have played in his conduct, importantly Defendant has sought medical care to deal with his psychiatric issues.  Defendant successfully completed the High Focus Centers treatment program and has been under the care of both Leslie Mader, LCSW, LCADC and Dr. Edward Stzeinbaum, MD of Intergrated Care Concepts & Consultation. Defendant's Sentencing memo - Exhibit 9, 15, and 16.

With respect to "the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)), Defendant has no criminal convictions nor is there any evidence of Defendant having previously improperly used his medical license. Given Defendant's offense and the surrounding circumstances, a probationary sentence would "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A-B).

Notably, Defendant is no longer able to practice medicine.  Defendant closed his practice and gave up his medical licenses in New Jersey, Pennsylvania, and New York.  Moreover, Defendant's DEA registration was surrendered for cause on August 1, 2018.  PSR ¶ 68.  Those facts support a conclusion that a probationary sentence would be sufficient to "protect the public from further crimes of" Defendant.  18 U.S.C. § 3553(a)(2)(C).

### C. The Court Should Explain the Reasons for its Sentence.

Finally, "it is not enough for the district court to carefully analyze the sentencing factors. A separate and equally important procedural requirement is

*demonstrating that it has done so.*" Merced, 603 F.3d at 215-16 (emphasis by Circuit). First, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. United States v. Sevilla, 541 F.3d 226, 232 (3d Cir. 2008) (internal quotation marks omitted). Second, "the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." United States v. Ausburn, 502 F.3d 313, 329 & n.33 (3d Cir. 2007). "Explicit rulings are plainly to be preferred" even for lesser arguments, "both for the benefit of the parties and for this court on review." United States v. Goff, 501 F.3d 250, 254-256 & n.10 (3d Cir. 2007).  Third, the Court must provide "sufficient justifications on the record to support the sentencing conclusions." Tomko, 562 F.3d at 567 (internal quotation marks omitted).  "[M]erely reciting the § 3553(a) factors, saying that counsel's arguments have been considered, and then declaring a sentence, are insufficient[.]" Manzella, 475 F.3d at 161 (internal quotation marks omitted).

**Conclusion**

On the one hand, Defendant participated in a significant crime – the illegal distribution of an opioid. That misconduct clearly deserves punishment. On the other, the Defendant's history, the circumstances surrounding the conduct, and the steps taken by Defendant since the incident indicate that a term of imprisonment is unnecessary. Therefore, the Government respectfully requests that the Court impose a sentence of 5 years' probation, including the conditions that Defendant continue attending meetings with Ms. Mader and following the treatment plan designed by Dr. Stzeinbaum. That sentence would, in the Government's view, unambiguously punish Defendant's misconduct while meaningfully recognizing the circumstances of the crime as well as the steps Defendant has taken to address his mental health issues.

Thank you for your consideration.

Respectfully submitted,

Craig Carpenito
United States Attorney

s/ Joseph N. Minish

By: Joseph N. Minish
Assistant U.S. Attorney

cc:   Matthew S. Adams, Esq. *(madams@foxrothschild.com)*
      Patricia C. Jensen *(patricia_jensen@njp.uscourts.gov)*